OAKES & BURGER COMPANY, Appellant, vs. MADISON
DAIRY SUPPLY COMPANY, Respondent.

*April 7—May 11, 1926.*

*Sales: When contract complete: Request for information.*

A jobber of dairy supplies, who, after being offered a discount of fifteen per cent., sent specifications for certain cans requesting the manufacturer to mail a copy of the order as it understood it, is entitled to only the ten per cent. discount which the manufacturer subsequently informed the jobber it would allow, the contract not being closed when the specifications were sent, since the request for a copy of the order showed that the jobber thought something remained to be done before the contract was considered closed.

APPEAL from a judgment of the superior court of Dane county: AUGUST C. HOPPMANN, Judge.    *Reversed.*

The plaintiff is a corporation engaged in the manufacture of dairy supplies at Cattaraugus, New York.    The defendant is a jobber of dairy supplies, doing business at Madison, Dane county, Wisconsin.    In the year 1922 the defendant purchased certain supplies of the plaintiff company, and the sole question for determination upon this appeal is whether or not the defendant was entitled to a ten per cent. discount upon certain items or a discount of fifteen per cent. upon certain items.    The trial court allowed fifteen per cent., and from the judgment rendered in accordance therewith the plaintiff appeals.

For the appellant there was a brief by *Mason & Priestley* and *Joseph J. Hopkins,* all of Madison, and oral argument by *Mr. Hopkins.*

For the respondent the cause was submitted on the brief of *Hill, Thomann & Beckwith* of Madison.

ROSENBERRY, J.    We shall not set out in full the correspondence, but only so much thereof as is necessary to present the question to be decided.

On August 8, 1922, the defendant wrote the plaintiff in regard to certain dairy supplies and concluded as follows:

"If you have a catalogue or circulars of goods that you manufacture we would like one and your jobber's prices. Are ready to place an order for a car if you have what we can use and the right prices."

Under date of August 11th plaintiff wrote defendant and sent to the defendant a catalogue with discount sheet.    The letter included the following:

"If our line appeals to you and you can use a carload of various items, we will be able to name you discounts that are somewhat more attractive than the discounts mentioned in the discount sheets."

On September 2, 1922, the defendant sent to the plaintiff a list of equipment including cans, asking for prices, and on September 5th plaintiff quoted prices as requested. Below the item relating to cans was the following: "The above prices are subject to a jobbing discount of 15 %." At the end of the letter was the following: "Terms: 30 days net or 1 % discount for cash in ten days. . . . We can make prompt shipment and would be very pleased to have your order."

On September 13, 1922, the plaintiff advised the defendant that in response to defendant's letter of the 9th, promising to place specifications with the plaintiff "for an assorted car of our specialties," they would be very pleased to have this initial order. "We hope that we will receive the specifications at an early date."

In a letter dated September 25, 1922, addressed by the plaintiff to the defendant, plaintiff said: "We would be very glad to receive your specifications on a carload equipment, blanket order, which you gave us some time ago."

On October 21, 1922, the defendant wrote the plaintiff as follows: "Inclosed please find specifications for car of factory cans and mail us a copy of this order as you understand it and as entered on your books." No other equipment was included in the order.

In response to the letter inclosing specifications and on October 24th plaintiff wrote the defendant as follows: "We have your favor of the 21st inclosing a very nice order for factory cans and milk-can stock. We wish to wait a few days before entering this order for this reason."

After explaining the reason for delay, which was that a hardware jobber in Milwaukee had handled their cans for many years and they were writing him in regard to his attitude if plaintiff accepted the order direct, the letter concluded:

"We trust that two or three days' delay in our advising you regarding this matter will not be of serious incon-

venience. If we are able to handle your order we will send you sample of can handles and give you complete selling information."

On October 31st the plaintiff advised the defendant that their jobber would not consent to the sale in his territory and asked the defendant for business on other articles.

It is the contention of the defendant that a contract was closed when the defendant sent to the plaintiff the specifications for the carload of cans. There was further correspondence, and on November 29, 1922, the plaintiff wrote the defendant as follows:

"We have a letter from John Pritzlaff Company of Milwaukee [the jobber] telling us that you have recently interviewed them in regard to the factory milk cans that you wish. They have consented to allow us to handle this order for the carload if we will give them a five per cent. commission.

"We write to inquire if it will be satisfactory to you if we enter your order as per specifications already in our possession, invoicing the cans to you at ten per cent. from list and giving them a discount of five per cent. . . . Please write us if this arrangement is satisfactory, or you may wire us at our expense if you prefer."

On December 2, 1922, the defendant wrote the plaintiff as follows: "Your letter received, please enter our order as per specifications, in your possession." In response to this the plaintiff wrote on December 5th as follows:

"We have your favor of the 2d and note that it will be agreeable for us to enter your previous order, also additional order inclosed, for factory cans and can stock in accordance with our recent quotation, namely, 10 per cent. from list. . . . You will receive acknowledgment of order either to-day or tomorrow."

On December 28, 1922, the defendant wrote plaintiff asking when they could expect shipment of the car of factory cans, as they had taken orders for January 1st delivery. Under date of January 2, 1923, the plaintiff wrote the

defendant saying that they expected to make shipment the latter part of the month (January). The cans were shipped February 2d. Receipt of shipment was acknowledged by defendant. On February 22d the defendant wrote plaintiff as follows:

"On September 5th you quoted us 15 % off on factory cans; on September 13th you accepted our order; on September 25th you wrote us that you would be glad to receive specifications which we sent you; on October 21st we sent you specifications which you asked for. We find that you billed factory cans 10 % off and you accepted our blanket order of 15 % and ask for credit memorandum."

The defendant tendered settlement on the basis of this claim and sent the plaintiff a check for $76.49. The check was returned, and suit was begun by the plaintiff on the basis of its contention, which was that the defendant under the contract was entitled to but ten per cent. discount. The letter of October 21, 1922, written by the defendant to the plaintiff, in which the defendant says: "Inclosed please find specifications for car of factory cans and mail us a copy of this order as you understand it and as entered on your books," clearly indicates that at that time the defendant thought something remained to be done by the plaintiff before the contract could be considered closed. It is true that the plaintiff solicited the defendant for an order, but the solicitations amounted to nothing more than negotiations for a sale. The terms of the sale were not fixed; could not be until the order was placed with specifications. The defendant thereafter interviewed the jobber, no doubt for the purpose of getting the jobber's prices. After being fully advised as to the conditions upon which plaintiff would accept the offer, the defendant directed the plaintiff to enter the order. This closed the contract. The defendant was entitled to a discount of ten per cent., not fifteen per cent., and judgment should have gone for the plaintiff accordingly.

*By the Court.*—The judgment appealed from is reversed, and the cause remanded with directions to enter judgment as indicated in this opinion.